IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LAWRENCE GLASER,

  Plaintiff,

-vs-

BB&T CORPORATION t/a BB&T
SALES FINANCE,

SERVE: CT Corporation System,
        Registered Agent
        150 Fayeteville Street
        Raleigh, NC 27601

  Defendant.
                                       /

CASE NO.: 1:16-cv-00215

**JURY TRIAL DEMANDED**

## COMPLAINT

The Plaintiff, LAWRENCE GLASER, sues the Defendant, BB&T CORPORATION, t/a BB&T Sales Finance ("BB&T"), and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This is a civil action for money damages in an amount that exceeds $75,000.00, exclusive of costs, interest, and attorneys' fees.

2. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant BB&T CORPORATION, t/a BB&T Sales Finance ("BB&T"), (hereafter "BB&T"), in violation of 47 U.S.C. § 227, *et seq*., the Telephone Consumer Protection Act of 1991 (hereafter "TCPA").

1

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331.

4. Venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which the Defendant, BB&T, maintains its principal place of business.

## PARTIES

5. Plaintiff, LAWRENCE GLASER, is and was at all material times a natural person over the age of eighteen (18), who resides in Fairfax Station, Fairfax County, Virginia.

6. At all times material hereto, Defendant, BB&T, was and is a North Carolina corporation providing residential mortgage loan services, with its principal place of business at 200 West Second Street, Winston-Salem, NC 27101. The registered agent for the Defendant is CT Corporation System, 150 Fayetteville Street, Box 10, Raleigh, North Carolina 27601.

7. At all times material hereto, Defendant, BB&T, consented to and had knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors, and/or contractors with respect to the collection activities at issue, which are further described herein.

## FACTUAL ALLEGATIONS

8. At all times material hereto, the Plaintiff was and is the owner of the home located at 10705 Averett Drive, Fairfax Station, Virginia, which is the subject of the calls from Defendant, BB&T.

9. Prior to the conduct at issue in this action, Plaintiff obtained a home mortgage loan from Defendant, BB&T.

10. Defendant, BB&T, intentionally harassed and abused Plaintiff on numerous occasions by sending Plaintiff threatening collection letters asserting false and misleading information, by reporting false information to the Credit Reporting Agencies with respect to Plaintiff, and by calling Plaintiff's cellular telephone number several times per day and on back to back days, with such frequency as can reasonably be expected to harass, in an effort to collect an alleged debt from Plaintiff.

11. On or about February 2012, Defendant, BB&T, began initiating calls to Plaintiff's cellular telephone number, (571) 235-2435, in an effort to collect the above described alleged debt.

12. Plaintiff verbally instructed Defendant on numerous occasions to cease placing calls to his aforementioned cellular telephone number.

13. Thereafter, despite Plaintiff's unambiguous instructions to stop calling Plaintiff, Defendant, BB&T, nevertheless continued to place calls to Plaintiff's aforementioned cellular telephone number on numerous occasions in an effort to collect

3

the above described alleged debt, disregarding Plaintiff's instructions to cease placing such calls.

14. Defendant, BB&T, intentionally harassed and abused the Plaintiff on numerous occasions by and through their agents and representatives, including but not limited to calling several times in one day and on back-to-back days, with such frequency as can reasonably be expected to harass the Plaintiff.

15. To date, Plaintiff has received approximately two hundred calls (200) calls on his aforementioned cellular telephone number from Defendant, and the calls continue through the date of filing of this Complaint.

16. Despite Plaintiff's repeated demands that Defendant, BB&T, stop placing calls to his aforementioned cellular telephone number, Defendant, BB&T, in an effort to collect the above described alleged debt, proceeded to engage in conduct in violation of the TCPA, as described herein.

17. The telephone calls at issue were placed by Defendant, BB&T, using an "automated telephone dialing system" as specified by the TCPA, 47 U.S.C. § 227(a)(1), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers; and/or which has the capacity to dial numbers from a list without human intervention (hereafter "ATDS" or "autodialer").

18. BB&T has represented to the Public Utility Commission of Texas that it uses an Automatic Dial Announcing Device.

www.puc.texas.gov/industry/communications/directories/adad/report_adad.aspx?ID=ADSQL01DB12245629000001. An Automatic Dial Announcing Device is a mechanism that has the capability of sending an unsolicited recorded message to a home or workplace. http://puc.texas.gov/industry/communications/business/adad/adad.aspx.

19. Use of an automated telephone dialing system by the Defendant, BB&T, when calling the Plaintiff, is evidenced by the fact that, on at least some of the answered calls, Plaintiff was greeted by a brief period of unnatural silence after completing his greeting and/or an audible click/beep prior to a live representative joining the line. Such are telltale signs and indicative of a predictive dialer and an automated telephone dialing system.

20. Defendant, BB&T, initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number without the "prior express consent" of Plaintiff as specified by the TCPA, 47 U.S.C. §227(b)(1)(A) and/or subsequent to Plaintiff's revocation of any "prior express consent" that Defendant mistakenly believed it had.

21. Furthermore, none of the telephone calls at issue were placed by Defendant, BB&T, to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

22. Defendant, BB&T, consented to and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors,

assignees, transferees, collectors and/or contractors with respect to the collection activity alleged herein.

23. Defendant, BB&T, has a corporate policy of using an automatic telephone dialing system or a pre-recorded or artificial voice message, just as it did when calling the Plaintiff's aforementioned cellular telephone number, as described herein.

24. Defendant, BB&T, willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

25. Despite actual knowledge of its wrongdoing, Defendant, BB&T, continued the campaign of harassment and abuse.

26. Defendant, BB&T's corporate policy is structured to continue to call individuals like the Plaintiff, despite requests from said individuals for Defendant, BB&T, to stop calling.

27. Defendant, BB&T's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

28. Defendant, BB&T, intentionally harassed and abused the Plaintiff on numerous occasions. Its relentless campaign of autodialed debt collection calls to Plaintiff's cellular telephone number often resulted in Plaintiff receiving calls on back to back or multiple consecutive days, and sometimes up to four times per day, despite Plaintiff repeatedly demanding that BB&T cease calling. These unwarranted autodialed calls were intrusive, harassing, and invaded Plaintiff's right to privacy.

29. Defendant, BB&T, followed its corporate policies when attempting to communicate with the Plaintiff in an effort to collect the alleged debt described herein.

30. Defendant, BB&T, has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

31. Defendant, BB&T, has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## VIOLATION OF THE TCPA AGAINST BB&T

32. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (31), as if fully set forth herein.

33. None of the calls at issue were placed by Defendant, BB&T, to Plaintiff's aforementioned cellular telephone number with the "prior express consent" or "prior express invitation or permission" of Plaintiff, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

34. Additionally, Defendant, BB&T, initiated each of the calls at issue to Plaintiff's aforementioned cellular telephone number subsequent to Plaintiff's revocation of any "prior express consent" Plaintiff may have previously provided to the Defendant or that Defendant mistakenly believed it received.

35. Furthermore, none of the calls at issue were placed by Defendant, BB&T, to Plaintiff's aforementioned cellular telephone number for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227 (b)(1)(A).

36. Defendant BB&T willfully and/or knowingly violated the TCPA with respect to Plaintiff, LAWRENCE GLASER, by repeatedly placing non-emergency calls to Plaintiff's aforementioned cellular telephone number using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiff's prior express consent, invitation or permission, as specifically prohibited by the TCPA, 47 U.S.C. §227(b)(1)(A)(iii).

37. The TCPA provides Plaintiff with a private right of action against Defendant BB&T for its violations of the TCPA, as described herein, pursuant to 47 U.S.C. § 227(b)(3), and permits both injunctive relief in addition to statutory damages.

WHEREFORE, Plaintiff LAWRENCE GLASER respectfully demands judgment against Defendant BB&T for statutory damages, actual damages, treble damages, punitive damages, costs, interest, an injunction from further violations of these parts, and for such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted,

/s/ Craig M. Shapiro
Craig M. Shapiro
North Carolina State Bar Number: 48887
Law Offices of John T. Orcutt, P.C.
6616 Six Forks Road, Suite 203
Raleigh, North Carolina 27615
(919) 847-9750
(919) 847-3439 (facsimile)
cshapiro@johnorcutt.com


/s/David P. Mitchell
David P. Mitchell, Esq.
Florida Bar No. 067249
/s/ Richard D. Giglio
Richard D. Giglio, Esq.
Florida Bar No. 0128392
MANEY & GORDON, P.A.
101 East Kennedy Blvd., Suite 3170
Tampa, Florida 33602
Telephone: (813) 221-1366
Fax: (813) 223-5920
David@MitchellConsumerLaw.com
d.mitchell@maneygordon.com
r.giglio@maneygordon.com
v.marrero@maneygordon.com
Counsel for Plaintiff
Special Appearance Pursuant to Local Rule 83.1(d)